**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 14-10206-IT** |
| | ) | |
| **MARCELLUS LOPES LEE,** | ) | |
| **Defendant** | ) | |

**ASSENTED TO MOTION FOR ORDER OF EXCLUDABLE DELAY**
**FROM JULY 14, 2014 TO SEPTEMBER 23, 2014**

The United States of America, by and through Assistant United States Attorney Mark J. Balthazard, with the oral assent of counsel for defendant Marcellus Lopes Lee, moves for an order designating the period from July 14, 2014 through and including September 23, 2014, as excludable delay pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A), on the grounds that the ends of justice served by granting the defendant's requested continuance to obtain and review automatic discovery in this case outweighs the best interests of the public and the defendant in a speedy trial.   The government further asks this Court to issue the attached proposed Order of Excludable Delay.

In support of this request, the government states that on July 14, 2014, the defendant appeared in Court for an initial appearance and arraignment.   Pursuant to LR 116.1(C), the Court ordered automatic discovery to be produced by August 11, 2014 and, at the defendant's request, scheduled the Initial Status Conference for September 23, 2014.   Pursuant to the Local Rules, "[t]he Court, having found that a fair and prompt resolution of criminal cases is best served by the minimizing of formal motion practice and the establishment of the system of discovery set forth in the[] Local Rules, has determined that" the period from arraignment to the Initial Status Conference conducted under LR 116.5(a) "may be excluded, under 18 U.S.C.

§3161(h)(1)(D) & (H) and (h)(7)(A), to serve the ends of justice in order to accomplish such purposes."   LR 112.2(a)(1).

For these reasons, the government, with the assent of counsel for the defendant, asks the Court to enter an order excluding from the speedy trial computation the period from July 14, 2014 through and including September 23, 2014, as set forth in the attached proposed order. The parties jointly agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the Plan for Prompt Disposition of Criminal Cases for the United States District Court for the District of Massachusetts.

A proposed order is attached.

Respectfully submitted

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

Date: July 15, 2014                    By:      /s/ Mark J. Balthazard
                                                MARK J. BALTHAZARD
                                                Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for Defendant, who is a registered participant as identified on the Notice of Electronic Filing (NEF).

Date: July 15, 2014                         /s/ Mark J. Balthazard
                                            MARK J. BALTHAZARD
                                            Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )   **Criminal No. 14-10206-IT** |
| | ) |
| **MARCELLUS LOPES LEE,** | ) |
| **Defendant** | ) |

## ORDER OF EXCLUDABLE DELAY

Upon consideration of the assented-to motion seeking an order of excludable delay, the Court finds as follows:

1.      On July 14, 2014, the defendant appeared in Court for an initial appearance and arraignment.   Pursuant to LR 116.1(C), the Court ordered automatic discovery to be produced by August 11, 2014 and, at the defendant's request, scheduled the Initial Status Conference for September 23, 2014.

2.      A continuance of this proceeding from the date of the initial appearance and arraignment through and including September 23, 2014 is necessary to ensure that counsel for the defendant and the defendant have sufficient time to obtain and review discovery, investigate the evidence, consider whether to file pretrial motions, and then to prepare any such pretrial motions. I find, given the specific circumstances in this case, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. §3161(h)(7)(B)(iv) and Section 5(B)(7)(c)(iv) of the Plan for Prompt Disposition of Criminal Cases for the United States District Court for the District of Massachusetts.

3.      The ends of justice served by granting the requested continuance, and excluding the time period from July 14, 2014 through and including September 23, 2014 from the speedy

trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and Section 5(b)(7)(C)(iv) of the Plan for Prompt Disposition of Criminal Cases for the United States District Court for the District of Massachusetts.

Accordingly, the Court hereby grants the assented-to motion and ORDERS that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the Plan for Prompt Disposition of Criminal Cases for the United States District Court for the District of Massachusetts, (1) the date on which the trial must commence is continued; and (2) the period from July 14, 2014 through and including September 23, 2014 is excluded from the speedy trial clock and from the time within which the trial of the offenses charged in the indictment must commence.[1]

_____
**PAGE KELLEY**
**UNITED STATES MAGISTRATE JUDGE**

Dated: _____

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.   The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.   The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.   The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.   *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271, 275 (1st Cir. 1988), *United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir. 1986), *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir. 1980), *United States v. Vega,* 678 F.3d 376, 378-379 (1st Cir. 1982), *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn,* 474 U.S. 140, 142 (1985).